Slip Op. 26-46

# UNITED STATES COURT OF INTERNATIONAL TRADE

ALOHA PENCIL COMPANY, LLC,

Plaintiff,

v.

UNITED STATES,

Defendant,

and

CHINA FIRST PENCIL CO., LTD., and
DIXON TICONDEROGA COMPANY,

Defendant-Intervenors.

Before: Mark A. Barnett, Chief Judge
Court No. 25-00102

## OPINION AND ORDER

[Granting Defendant's motion to dismiss for lack of subject-matter jurisdiction.]

Dated: May 6, 2026

Mark B. Lehnardt, Davis & Leiman, of Washington, DC, for Plaintiff Aloha Pencil Company, LLC.

Nelson Kuan, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, DC, for Defendant United States. Also on the brief were Brett A. Shumate, Assistant Attorney General, Patricia M. McCarthy, Director, and Franklin E. White, Jr., Assistant Director. Of counsel on the brief was Samuel E. Childerson, U.S. Department of Commerce, of Washington, DC.

Ned H. Marshak, Francis J. Sailer, Jordan C. Kahn, and Michael S. Holton, Grunfeld Desiderio Lebowitz Silverman & Klestadt LLP, of Washington, DC, and New York, NY, for Defendant-Intervenor China First Pencil Co., Ltd.

Michael J. Larson, Felicia Leborgne Nowels, and Li X. Massie, Akerman LLP, of Tallahassee, FL, for Defendant-Intervenor Dixon Ticonderoga Company.

Barnett, Chief Judge:  Plaintiff Aloha Pencil Company, LLC ("Aloha Pencil") commenced this case to challenge the U.S. Department of Commerce's ("Commerce" or "the agency") notice of rescission, in its entirety, of the 2023–2024 administrative review of the antidumping duty order on cased pencils from the People's Republic of China ("China"), *Certain Cased Pencils From the People's Republic of China*, 90 Fed. Reg. 19,268 (Dep't Commerce May 7, 2025) (rescission of antidumping duty admin. rev.; 2023–2024) ("*Rescission Notice*").  *See* Compl. ¶ 1, ECF No. 9.  Commerce rescinded the review after determining that Aloha Pencil did not qualify as a domestic interested party able to request the review of foreign producers and exporters and that the remaining companies subject to the review had no reviewable entries.  *Rescission Notice*, 90 Fed. Reg. at 19,269.  This matter is before the court on Defendant United States' ("the Government") motion to dismiss for lack of subject-matter jurisdiction. Def.'s Mot. to Dismiss for Lack of Subject Matter Jurisdiction ("Def.'s Mot."), ECF No. 44; *see also* Def.'s Reply in Supp. of its Mot. to Dismiss for Lack of Subject Matter Jurisdiction ("Def.'s Reply"), ECF No. 49.  The Government argues that Plaintiff has not demonstrated Article III standing.  *See generally* Def.'s Mot.  Aloha Pencil opposes the Government's motion.  Resp. to Mot. to Dismiss ("Pl.'s Resp."), ECF No. 48.  Because, as discussed below, Aloha Pencil made no factual allegations in its complaint to support its claim to be a manufacturer, producer, or wholesaler of the domestic like product, the court will grant the Government's motion.[1]

---

[1] Also pending are Defendant-Intervenors China First Pencil Co., Ltd.'s ("China First") and Dixon Ticonderoga Company's ("Dixon") responses to the court's order to show

## BACKGROUND

### I.      Factual Background[2]

In 1994, Commerce published an antidumping duty order on certain cased pencils from China.  Am. Compl. ¶ 22 (citing *Certain Cased Pencils from the People's Republic of China*, 59 Fed. Reg. 66,909 (Dep't Commerce Dec. 28, 1994) (antidumping duty order) ("*AD Order*")).  Aloha Pencil alleges it is a "U.S manufacturer, producer, or wholesaler" of cased pencils.  *Id.* ¶ 11.  Aloha Pencil requested an administrative review of the *AD Order* for the 2023 to 2024 period of review ("POR").  *See id.* ¶¶ 9, 24.  Before initiating the administrative review, Commerce issued to Aloha Pencil a domestic standing questionnaire.  *Id.* ¶ 23.  On January 27, 2025, prior to receiving Aloha Pencil's response, Commerce published its notice of initiation of the administrative review.  *Id.* ¶ 24 (citing *Initiation of Antidumping and Countervailing Duty Admin. Revs.*, 90 Fed. Reg. 8,187 (Dep't Commerce Jan. 27, 2025) ("*Initiation Notice*")).  The review covered 39 companies, *Initiation Notice*, 90 Fed. Reg. at 8,190, many, but not all, of which Commerce included based on Aloha Pencil's request for review, *id.* at 8,194 n.5.[3]

---

cause why they should remain in this action following the court's determination that this action must proceed under the court's 28 U.S.C. § 1581(i) jurisdiction.  *See* Mem. and Order at 8–9 ("Jurisdiction Mem."), ECF No. 39; China First's Resp. to Ct. Order to Show Cause and Mot. to Intervene ("China First's Resp."), ECF No. 45; [Dixon's] Resp. to Ct.'s Mem. and Order and, Alternatively, Mot. to Intervene as Def.-Intervenor ("Dixon's Resp."), ECF No. 47.  Because the court is dismissing this action, the court need not address these arguments.

[2] The facts are taken primarily from Aloha Pencil's Amended Complaint, ECF No. 41.

[3] Commerce noted that because the agency concluded in the preceding review that Aloha Pencil did not have standing to request an administrative review, Commerce "intend[ed] to reexamine its standing in this administrative review."  *Initiation Notice*, 90 Fed. Reg. at 8,194 n.5.

Aloha Pencil responded to Commerce's initial and supplemental standing

questionnaires.  Am. Compl. ¶¶ 25–27.

On March 26, 2025, Commerce determined that Aloha Pencil lacked standing to

request an administrative review because Aloha Pencil "did not qualify as a domestic

interested party."  *Id.* ¶ 32.[4]  Commerce issued a notice of intent to rescind the

administrative review of the AD Order and, thereafter, published its notice of the

rescission.  *Id.* ¶ 34; *see also id.* ¶ 1 (citing *Rescission Notice*).  Commerce explained

that Aloha Pencil was not a "*bona fide* producer, manufacturer, or wholesaler of a

domestic like product during the POR" and thus was ineligible to request a review.

*Rescission Notice*, 90 Fed. Reg. at 19,269.  Additionally, because Aloha Pencil "was the

sole requestor" for 34 companies subject to the review and "there were no reviewable,

suspended entries of subject merchandise from the five remaining companies,"

Commerce rescinded the review in its entirety.  *Id.*

## II.    Procedural History

Aloha Pencil commenced this case challenging the *Rescission Notice*.  Compl.

¶ 1.  Plaintiff initially alleged jurisdiction pursuant to 28 U.S.C. § 1581(c), further citing

19 U.S.C. § 1516a(a)(2)(A)(i)(I) and (a)(2)(B)(iii).  *Id.* ¶¶ 3, 8.[5]  Based on Plaintiff's

---

[4] Commerce defines "domestic interested party" in reference to 19 U.S.C. § 1677(9)(C)–
(G).  *See* 19 C.F.R. § 351.102(b)(17); *id.* § 351.213(b)(1) (authorizing domestic
interested parties to request an administrative review).  Relevant here, section
1677(9)(C) defines "interested party" as "a manufacturer, producer, or wholesaler in the
United States of a domestic like product."  19 U.S.C. § 1677(9)(C).
[5] Both provisions of section 1516a pertain to Commerce's determinations pursuant to 19
U.S.C. § 1675.  Section 1516a(a)(2)(B)(iii) governs judicial review of "[a] final
determination . . . by the administering authority [i.e., Commerce] . . . under section

allegations of jurisdiction and the absence of any objection thereto, *see* Joint Status Report (Sept. 17, 2025) at 2, ECF No. 34, this case initially proceeded pursuant to section 1581(c).  The court granted motions to intervene as of right on the side of defendant filed by China First and Dixon.  Order (Aug. 14, 2025), ECF No. 29; Order (Aug. 14, 2025), ECF No. 30.  Upon further review and briefing by the parties, the court determined that it exercised jurisdiction over Commerce's *Rescission Notice* pursuant to 28 U.S.C. § 1581(i)(1)(D).  Jurisdiction Mem. at 5–8.  Section 1581(i) vests the court with "exclusive jurisdiction of any civil action commenced against the United States . . . providing for-- . . . (D) administration and enforcement with respect to the matters referred to in subparagraphs (A) through (C) of this paragraph and subsections (a)-(h) of this section."  28 U.S.C. § 1581(i)(1)(D).

On January 22, 2026, consistent with the court's jurisdiction finding, Aloha Pencil filed its Amended Summons, ECF No. 40, and the Amended Complaint.  Because the jurisdiction finding affected the available bases for intervention, *see* Jurisdiction Mem. at 8–9, the court "permit[ted] China First and Dixon the opportunity to demonstrate that they should be allowed to remain in this action as Defendant-Intervenors," *id.* at 9.  The court further set a deadline for the Government to file any motion pursuant to USCIT

---

1675 of this title."  Section 1675(a)(1) governs Commerce's periodic review of antidumping or countervailing duty determinations.  Pursuant to 28 U.S.C. §1581(c), the court has "exclusive jurisdiction of any civil action commenced under [19 U.S.C. § 1516a]."

Rule 12(b) and set aside the requirement for the Government to file an Answer. *Id.* at

10.[6]  The Government timely filed its motion to dismiss.

## STANDARD OF REVIEW

To adjudicate a case, a court must have subject-matter jurisdiction over the

claims presented. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998).

Here, Plaintiff bears the burden of establishing subject-matter jurisdiction. *See Norsk*

*Hydro Can., Inc. v. United States*, 472 F.3d 1347, 1355 (Fed. Cir. 2006).

The "case-or-controversy" requirement of Article III "requires those who invoke

the power of a federal court to demonstrate standing." *Already, LLC v. Nike, Inc.*, 568

U.S. 85, 90 (2013).  "To establish Article III standing, an injury must be 'concrete,

particularized, and actual or imminent; fairly traceable to the challenged action; and

redressable by a favorable ruling.'" *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409

(2013) (quoting *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 149 (2010)); *see*

*also Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992) (restating the three

elements of standing).

When subject-matter jurisdiction is challenged at the motion to dismiss stage,

courts generally must presume that the material factual allegations in the complaint are

---

[6] The court stated that it "takes no position on Plaintiff's Article III standing and does not pre-judge any revised allegations of jurisdiction."  Jurisdiction Mem. at 8 n.7.  The court intended, however, "to afford the parties the same opportunities they would have had if Plaintiff had commenced this case as a section 1581(i) case in the first instance." *Id.*

true and construe the complaint in the plaintiff's favor. *See Pennell v. City of San Jose*, 485 U.S. 1, 7 (1988); *Warth v. Seldin*, 422 U.S. 490, 501 (1975).[7]

## DISCUSSION

### I.     Parties' Contentions

The Government contends that Plaintiff failed to allege any facts to support the asserted legal conclusion that Aloha Pencil is a domestic interested party for purposes of 19 U.S.C. § 1677(9)(C) or to demonstrate that it has suffered an injury-in-fact from the *Rescission Notice*. Def.'s Mot. at 4–5.

Aloha Pencil contends that certain "facts" are "necessarily implied" in the assertion that it is "a U.S manufacturer, producer, or wholesaler of the subject merchandise, cased pencils," and those facts are ascertainable from various dictionary

---

[7] When reviewing a motion to dismiss for lack of subject-matter jurisdiction, the court proceeds according to whether the motion "challenges the sufficiency of the pleadings or controverts the factual allegations made in the pleadings." *H & H Wholesale Servs., Inc. v. United States*, 30 CIT 689, 691, 437 F. Supp. 2d 1335, 1339 (2006). When the motion challenges the sufficiency of the pleadings, the court assumes that the allegations within the complaint are true. *Id.* When "the motion controverts factual allegations supporting the [c]omplaint, 'the allegations in the complaint are not controlling,' and 'are subject to fact-finding by the [trial] court.'" *Id.* at 691–92, 437 F. Supp. 2d at 1339 (quoting *Cedars–Sinai Med. Ctr. v. Watkins*, 11 F.3d 1573, 1583–84 (Fed. Cir. 1993)). The Government's motion recites the latter standard that is applicable when "a Rule 12(b)(1) motion controverts factual allegations in the complaint." Def.'s Mot. at 3 (citing, *inter alia*, *Cedars-Sinai Med. Ctr.*, 11 F.3d at 1583–84). A careful review of the Government's arguments, however, indicates that the Government challenges the facial sufficiency of the allegations, a point the Government appears to recognize in its reply brief. Def.'s Reply at 3 (stating "[t]he [c]ourt should disregard the legal conclusions in reviewing a facial challenge to a complaint"). Accordingly, the court assumes the properly pleaded facts in the Amended Complaint are true and disregards legal conclusions unsupported by factual allegations.

definitions of the relevant terms.[8]  Pl.'s Resp. at 3 (discussing dictionary definitions of "manufacturer," "producer," and "wholesaler").  Aloha Pencil further argues that it alleged injury in the form of Commerce's denial of "domestic interested party status and eligibility to request a review."  *Id.*

Defendant counters that Plaintiff's reliance on "necessarily implied" facts "is an acknowledgement that the assertion is not factual."  Def.'s Reply at 2.  The Government argues that Plaintiff nowhere states which of the three types of domestic interested parties (manufacturer, producer, or wholesaler) it is.  *Id.* at 2–3.  The Government contends that Aloha Pencil also failed to respond to Defendant's argument that Plaintiff has not shown competitive injury.  *Id.* at 4.

## II.      Plaintiff Has Not Demonstrated Injury-in-Fact

Plaintiff's sole claim is that "Commerce[] improperly found that Aloha [Pencil] did not qualify as a domestic manufacturer, producer, or wholesaler for purposes of the December 1, 2023, to November 30, 2024 [period of review]."  Am. Compl. ¶ 36.  That claim, in turn, would require the court to determine whether Commerce's determination that Plaintiff was not a *bona fide* domestic producer was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law."  5 U.S.C. § 706(2)(A); *see also* 28 U.S.C. § 2640(e) (cross-referencing 5 U.S.C. § 706 for the standard of review in

---

[8] Although Plaintiff referred to "subject merchandise," the court understands Plaintiff to have intended to refer to the distinct term of art of "domestic like product," 19 U.S.C. § 1677(9)(C), the former being merchandise that is within the scope of the *AD Order* that is, by definition, produced in China, *see id.* § 1677(25) (defining "subject merchandise," *inter alia*, as "the class or kind of merchandise that is within the scope of an investigation, a review, a suspension agreement, [or] an order under this subtitle").

section 1581(i) cases).  However, before the court may reach the merits of Plaintiff's claim, Plaintiff must allege *some facts* to demonstrate its standing before the court, beginning with injury-in-fact.  Aloha Pencil has not met this threshold requirement.

At the motion to dismiss stage, standing requires a plaintiff to allege facts demonstrating "an injury" that is "concrete, particularized, and actual or imminent." *Clapper*, 568 U.S. at 409 (quoting *Monsanto*, 561 U.S. at 149).  "[A]llegations showing competitive injury may be appropriate to confer standing in appropriate circumstances." *McKinney v. U.S. Dept. of Treasury*, 799 F.2d 1544, 1555 (Fed. Cir. 1986); *see also Canadian Lumber Trade All. v. United States*, 517 F.3d 1319, 1333–34 (Fed. Cir. 2008) (relying on competitor standing to find standing with respect to distributions pursuant to the Continued Dumping and Subsidy Offset Act).

The standing analysis begins with Plaintiff's factual allegations relevant to its status as a domestic interested party.  Put simply, Aloha Pencil fails to allege any specific facts regarding the company's operations.  *See generally* Am. Compl.  To establish standing, Plaintiff asserts, in a conclusory manner, that it "is a U.S. manufacturer, producer, *or* wholesaler of the subject merchandise, cased pencils," *id.* ¶ 11 (emphasis added), but fails to specify which of those three labels applies or offer any supporting facts.  Plaintiff's response brief is similarly conclusory.  There, Aloha Pencil urges the court to imply facts from dictionary definitions and still fails to identify which category it claims to fall within.  *See* Pl.'s Resp. at 3 ("Thus, necessarily implied in the allegation that 'Aloha is a U.S manufacturer, producer, or wholesaler of the subject merchandise, cased pencils,' are the facts that Aloha Pencil makes pencils from raw

materials by hand *or* machinery *or* is a middleman that sells to retailers, merchants, or other users.") (emphases added).  Aloha Pencil states that "it . . . provided standing information to Commerce in response to a questionnaire and supplemental questionnaire, including as exhibits information submitted in the prior review," *id.*, yet nowhere does Plaintiff allege to the court the facts presumably contained within those submissions.[9]

Even assuming, *arguendo*, that Aloha Pencil is a domestic interested party, to the extent that Aloha Pencil requested Commerce to review 34 producers or exporters of cased pencils from China based on alleged competitive injury from sales of the subject merchandise at less than fair value in the domestic market, Aloha Pencil would have in its possession facts to support that alleged injury.  In a typical trade remedies case before the court pursuant to 28 U.S.C. § 1581(c), allegations regarding domestic interested party status may imply facts relevant to injury, causation, and redressability.  Indeed, "[t]he purpose underlying the antidumping laws is to prevent foreign manufacturers from injuring domestic industries by selling their products in the United States at less than 'fair value.'"  *Micron Tech., Inc. v. United States*, 243 F.3d 1301, 1303 (Fed. Cir. 2001) (quoting *Torrington Co. v. United States*, 68 F.3d 1347, 1352 (Fed. Cir. 1995)).  But in this case, Plaintiff alleges no specific facts regarding its domestic interested party status or injury from Commerce's *Rescission Notice*.

---

[9] The documents in the administrative record associated with the *Rescission Notice* are not before the court.

Instead of addressing these deficiencies or offering to supply those factual allegations, Aloha Pencil characterizes the denial of "the right to request" or of obtaining an administrative review as an injury to a "significant fundamental procedural right." Pl.'s Resp. at 4–5.  Plaintiff was not denied the right to request a review.  *See* Am. Compl. ¶¶ 9, 24 (referencing Aloha Pencil's request for review).  As Plaintiff recognizes, Commerce requires "a valid request for review."  Pl.'s Resp. at 6.  In rescinding the review, Commerce determined that Aloha Pencil's request was invalid.  *See Rescission Notice*, 90 Fed. Reg. at 19,269.  Plaintiff's argument conflates the agency action for which it seeks judicial review with the need to demonstrate injury from that agency action, and would obviate the Article III injury-in-fact requirement in this case.

In cases involving injuries arising from violations of "fundamental procedural rights, such as the right to a hearing, the right to an environmental impact statement, and the right to have a decisionmaker free from *ex parte* contacts in formal administrative hearings," some courts have "relaxed the causation requirement when determining standing . . ., finding it satisfied when following the correct procedures plausibly *may* have changed the result."  *Todd Const., L.P. v. United States*, 656 F.3d 1306, 1315 (Fed. Cir. 2011) (citations omitted).  But Plaintiff does not allege a procedural violation by Commerce; rather, Plaintiff raises a "substantive allegation that [Commerce] acted arbitrarily and capriciously" in rescinding the review.  *See id.* at 1315–16 (addressing both procedural allegations and substantive allegations); *cf.* Am. Compl. ¶ 36 (alleging an improper finding by Commerce).  Accordingly, to obtain judicial review, Aloha Pencil is required to allege an injury sufficient to establish Article III

standing.  Plaintiff has not alleged any such injury, not even one that is "conjectural or hypothetical." *Defs. of Wildlife*, 504 U.S. at 560 (quoting *Whitmore v. Ark.*, 495 U.S. 149, 155 (1990)).  Thus, Plaintiff lacks standing.

The court will dismiss this case.  Prior to Plaintiff's filing of the Amended Complaint, the Government put Plaintiff on notice of the lack of factual allegations demonstrating Article III standing in Plaintiff's initial Complaint.  *See* Joint Status Report Regarding Jurisdiction at 12–13, ECF No. 38 (position of the Government).  Despite this notice, Aloha Pencil alleged no new facts in the Amended Complaint.  *Compare* Compl. ¶¶ 14–27, *with* Am. Compl. ¶¶ 21–34.  In opposing the Government's motion, Aloha Pencil did not request the opportunity to further amend its complaint to allege facts within its possession in the event the court agreed with Defendant.  *See generally* Pl.'s Resp.  The court sees no reason to provide Plaintiff with that opportunity *sua sponte*.

### CONCLUSION AND ORDER

In accordance with the foregoing, the Government's motion to dismiss for lack of subject-matter jurisdiction (ECF No. 44) is **GRANTED**.  Judgment will be entered accordingly.

/s/      Mark A. Barnett
Mark A. Barnett, Chief Judge

Dated: May 6, 2026
        New York, New York